IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**IRENE GALLEGOS,**

    Plaintiff,

v.  No.

**CENTRAL DESERT BEHAVIORAL HEALTH HOSPITAL,
FUNDAMENTAL CLINIC AND OPERATIONAL SERVICES, LLC,
and DOES 1-10,**

    Defendants.

## NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

To:    UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

COMES NOW, Defendant Fundamental Clinical and Operational Services, LLC ("FCOS"), by and through its attorneys of record, Conklin, Woodcock & Ziegler, P.C., and pursuant to 28 U.S.C. §1446 and D.N.M.LR-Civ. 81.1, move this Court to allow removal of the above-entitled action to the United States District Court for the District of New Mexico. FCOS respectfully petitions to remove this action pursuant to 28 U.S.C. § 1441(a) because it is between citizens of different States and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

    1.    On October 22, 2015, Plaintiff filed a Complaint alleging medical negligence, hospital negligence, general negligence, vicarious liability, breach of actual and implied contract, and circumstantial evidence of medical negligence and general negligence. The Complaint was

filed in the First Judicial District Court, County of Santa Fe, State of New Mexico. The case was docketed as Cause No. D-101-CV-2015.

2. In accordance with D.N.M.LR-Civ. 81.1(a), a copy of the docket sheet and all other documents on file with the First Judicial District Court No. D-101-CV-2015-02316 are attached hereto as **Exhibit A**.

3. FCOS was served with the Complaint via agent on November 16, 2015. This Notice of Removal is being filed with this Court within thirty (30) days after service of the Complaint upon FCOS, which is the first pleading naming this Defendant, and the first pleading which was served upon any of the Defendants.

4. All Defendants consent to the removal of the Complaint.

**DIVERSITY OF CITIZENSHIP**

5. Pursuant to 28 U.S.C. § 1332(a)(1), complete diversity of citizenship exists between the parties.

6. Plaintiff alleges that she is a resident of Sandoval County, New Mexico. *See* Exhibit A, Complaint, ¶ 2.

7. The Complaint names FCOS, "Central Desert Behavioral Health Hospital" and "John Does 1-10," as defendants.

8. Defendant FCOS is a limited liability company organized under the laws of Delaware. The citizenship of limited liability companies is determined by the citizenship of its members. *See* Siloam Springs Hotel LLC v. Century Surety Co., 781 F.3d 1233, 1234 (10th Cir. 2015). The sole, non-managing member of FCOS is THI of Baltimore, Inc. ("THIB"). THIB is a Delaware corporation with its principal place of business in Maryland. Thus, FCOS is a citizen of the States of Delaware and Maryland. *See* 28 U.S.C. § 1332(c)(1).

9. Central Desert Behavioral Health Hospital is not a proper defendant because it is not a legal entity capable of being sued. Rather, Behavioral Health Services of New Mexico, LLC is the licensed operator of the hospital and it does business as Central Desert Behavioral Health Center ("Behavioral Health" or "Hospital"). While the Hospital has not been properly named in this action, if it had been sued, it too is a diverse defendant. Behavioral Health Services of New Mexico, LLC is organized under the laws of Delaware. The citizenship of limited liability companies is determined by the citizenship of its members. *See* Siloam Springs Hotel LLC v. Century Surety Co., 781 F.3d 1233, 1234 (10th Cir. 2015). The sole member of Behavioral Health is Behavioral Health Services, LLC another limited liability company organized under the laws of Delaware. In turn, the sole member of Behavioral Health Services, LLC is Hunt Valley Holdings, LLC, also a limited liability company organized under the laws of Delaware. The sole member of Hunt Valley Holdings, LLC is Murray Forman, an individual who resides in New York. Thus, the Hospital is a citizen of New York. Ibid.

10. The Complaint names as Defendants Does 1-10, "employees, agents, apparent agents and/or contractors of one or more of the Corporate Defendants[.]" *See* Exhibit A, Complaint, ¶ 10. "In determining whether a civil action is removable on the basis of [diversity] jurisdiction, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

**AMOUNT-IN-CONTROVERSY**

11. As required by 28 U.S.C. § 1332(a), the amount-in-controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

12. New Mexico law provides that a "complaint shall not contain an allegation for damages in any specific monetary amount." N.M.R.A. 1–008. Absent an explicit demand for an

exact amount of damages, the Tenth Circuit has held that, among other things, to establish the jurisdictional amount, the defendant may rely on an estimate of the potential damages from the allegations in the complaint. McPhail v. Deere & Co., 529 F.3d 947, 956-957 (10th Cir. 2008) (the face of the complaint established the amount in controversy based on plaintiff's allegations and a request damages for "medical and burial expenses, the loss of consortium and the grief of the surviving spouse, the mental pain and anguish suffered by the decedent, pecuniary loss based on earning capacity, and grief and loss of companionship," as well as punitive damages); Aranda v. Foamex Intl., 884 F.Supp.2d 1186, 1207 (D.N.M. 2012) ("conservative estimate" of amount in controversy "well above $75,000.00" where plaintiff sought actual and punitive damages based on allegations that because of defendant's and its employees' misconduct, he had suffered serious, permanent injuries, which required medical intervention, surgery, and time away from work, and which left him with a need for future medical treatment, a limp, and an inability to perform major life activities); Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999)(amount in controversy satisfied where the plaintiff alleged damages for "property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework.").

13. In the Complaint, Plaintiff alleges that she has diagnoses of Alzheimer's disease, dementia, and psychotic disorder with delusions, and that Defendants failed to provide proper care for those conditions. *See* Exhibit A, Complaint, ¶¶ 15, 16, 18, 19, 21, 22, 33. Plaintiff also alleges that she suffered three "serious" falls because of Defendants' purported negligence, resulting in "significant injuries," including a fractured elbow, severely bruised hip, and brain injuries. *See* Exhibit A, Complaint, ¶¶ 17, 23, 25-31.

14. Although a request for damages in any specific dollar amount is not alleged in the

Complaint, Plaintiff seeks to recover the following damages under theories of negligence, medical malpractice, tortious conduct, intentional and willful misconduct, and breach of contract:

- Loss of household services and other pecuniary losses;
- Physical and emotional pain and suffering and other debilitating pain including temporary and permanent disfigurement and injuries;
- Past and future medical expenses;
- Loss of enjoyment of life; and
- Punitive damages.

*See* Exhibit A, Complaint, ¶¶ 39 a-h, 74, 74 a-h.

15. Based upon the allegations of the Complaint, if Plaintiff prevails on her claims, the damages may exceed the jurisdictional amount of $75,000.

16. This Court has subject matter jurisdiction over the parties as complete diversity exists and the damages alleged, if established, likely exceed the jurisdictional amount.

17. Defendants, upon filing of this Notice of Removal, are giving written notice of the filing to Plaintiff as required by 28 U.S.C. §1446(d), and are filing a copy of this Notice of Removal with the Clerk of the First Judicial District Court, County of Santa Fe, State of New Mexico, the Court from which this action is removed.

18. This Notice of Removal is signed pursuant to Fed.R.Civ.P. 11.

WHEREFORE, the Defendants pray that the above-entitled action be removed from the First Judicial District Court, County of Santa Fe, State of New Mexico, to this Court.

>Respectfully submitted,
>
>CONKLIN, WOODCOCK & ZIEGLER, P.C.
>
>By   /s/ Robert C. Conklin
>   Robert C. Conklin
>   320 Gold Avenue SW, Suite 800
>   Albuquerque, NM 87102
>   Tel. (505) 224-9160 rcc@conklinfirm.com
>   *Attorneys for Defendants*

This is to certify that on this 16th day of December, 2015, the foregoing Notice of Removal was filed electronically through the CM/ECF system, which caused the following to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Christopher J. DeLara
David C. Odegard
Jason A. Vigil
Michael P. Jasso
GUEBERT BRUCKNER P.C.
P.O. Box 93880
Albuquerque, NM 87199
*Attorneys for Plaintiff*

and filed with:

Clerk of the Court
First Judicial District Court
Attn: Civil Filing Division
Santa Fe County Courthouse
225 Montezuma Avenue
Santa Fe, NM 87504

/s/ Robert C. Conklin
Robert C. Conklin