Skip to Main Content   Logout   My Account   Search Menu   New Civil Probate Family Search   Refine Search   Back       Location : Santa Fe County   Images   Help

# REGISTER OF ACTIONS
## CASE NO. D-101-CV-2015-02316

| | | |
|---|---|---|
| Irene Gallegos v. Central Desert Behavioral Health Hospital, et. al. | §§§§§ | Case Type: **Tort Malpractice, Product Liability**<br>Date Filed: **10/22/2015**<br>Location: **Santa Fe County**<br>Judicial Officer: **Ortiz, Raymond Z.** |

---

### PARTY INFORMATION

|  |  | Attorneys |
|---|---|---|
| Defendant | Central Desert Behavioral Health Hospital | |
| Defendant | Does 1 | |
| Defendant | Does 10 | |
| Defendant | Does 2 | |
| Defendant | Does 3 | |
| Defendant | Does 4 | |
| Defendant | Does 5 | |
| Defendant | Does 6 | |
| Defendant | Does 7 | |
| Defendant | Does 8 | |
| Defendant | Does 9 | |
| Defendant | Fundamental Clinical and Operational Services LLC | |
| Plaintiff | Gallegos, Irene | David C. Odegard<br>*Retained*<br>505-823-2300(W)<br><br>~~Christopher J. DeLara~~<br>~~*Retained*~~<br>~~505-823-2300(W)~~<br><br>Christopher J. DeLara<br>*Retained*<br>505-823-2300(W)<br><br>~~Devon P. Moody~~<br>~~*Retained*~~<br>~~505-883-8181(W)~~<br><br>Jason A. Vigil<br>*Retained*<br>505-946-8186(W)<br><br>Michael P. Jasso<br>*Retained*<br>505-823-2300(W) |

**EXHIBIT A-1**

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| Date | Event | Description |
|---|---|---|
| 10/22/2015 | **Cause Of Actions** | Medical Malpractice (Count 1 - Medical Negligence (Does 1-10)) |
| | Action Type | Action |
| 10/22/2015 | **Cause Of Actions** | Medical Malpractice (Count II - Hospital Negligence (The Corporate Defendants)) |
| | Action Type | Action |
| 10/22/2015 | **Cause Of Actions** | Medical Malpractice (Count III - General Negligence (All Defendants)) |
| | Action Type | Action |
| 10/22/2015 | **Cause Of Actions** | Other (Count IV - Vicarious Liability (The Corporate Defendants)) |
| | Action Type | Action |
| 10/22/2015 | **Cause Of Actions** | Breach of Contract (Count V - Breach of Actual and Implied Contract (All Defendants)) |
| | Action Type | Action |
| 10/22/2015 | **Cause Of Actions** | Medical Malpractice (Count VI - Circumstantial Evidence of Medical Negligence and General Negligence (All Defendants)) |
| | Action Type | Action |
| 10/22/2015 | **Cause Of Actions** | Other Damages |
| | Action Type | Action |
| 10/22/2015 | OPN: COMPLAINT | Complaint for Medical Negligence, Hospital Negligence, General Negligence, Breach of Actual and Implied Contract, Vicarious Liability and Res Ipsa Loquitur |
| 10/27/2015 | SUMMONS ISSUED | Summons - Central Desert |
| 10/27/2015 | SUMMONS ISSUED | Summons - Fundamental Clinic |
| 10/28/2015 | ENTRY OF APPEARANCE | Entry of Appearance and Notice of Withdrawal of Attorney |
| 11/25/2015 | SUMMONS RETURN | Summons Return of Fundamental Clinical and Operational Services, LLC |
| 12/01/2015 | ENTRY OF APPEARANCE | Entry of Appearance |
| 12/03/2015 | SUMMONS RETURN | Summons Return of Central Desert Behavioral Health Hospital |

## FINANCIAL INFORMATION

**Plaintiff** Gallegos, Irene
Total Financial Assessment                                132.00
Total Payments and Credits                                132.00
**Balance Due as of 12/16/2015**                              0.00

| Date | Transaction | Receipt | Party | Amount |
|---|---|---|---|---|
| 10/23/2015 | Transaction Assessment | | | 132.00 |
| 10/23/2015 | File & Serve Payment | Receipt # SFED-2015-11037 | Gallegos, Irene | (132.00) |

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/22/2015 5:10:28 PM
STEPHEN T. PACHECO
ANO

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

No. _____D-101-CV-2015-02316_____

IRENE GALLEGOS,

        Plaintiff,

v.

CENTRAL DESERT BEHAVIORAL HEALTH HOSPITAL,
FUNDAMENTAL CLINICAL AND OPERATIONAL SERVICES, LLC,
and DOES 1-10,

        Defendants.

## COMPLAINT FOR MEDICAL NEGLIGENCE, HOSPITAL NEGLIGENCE, GENERAL NEGLIGENCE, BREACH OF ACTUAL AND IMPLIED CONTRACT, VICARIOUS LIABILITY AND *RES IPSA LOQUITUR*

COMES NOW, Plaintiff, Irene Gallegos, by and through her attorneys, Guebert Bruckner P.C., and in support of her Complaint, states as follows:

### PARTIES AND JURISDICTION

1. Venue and jurisdiction are proper in the First Judicial District, Santa Fe County, New Mexico. *See* NMSA 1978, Section 38-3-1(A), ("[A]ll transitory actions shall be brought in the county ... either the plaintiff or defendant, or any one of them in case there is more than one of either, resides; or...where the cause of action originated").

2. Ms. Gallegos is a resident of Sandoval County, New Mexico.

3. This cause of action occurred at Central Desert Behavioral Health Hospital, located at 239 Elm Street NE, Albuquerque, NM 87102.

4. Central Desert Behavioral Health Hospital ("Central Desert") is located in Bernalillo County, New Mexico.

5. Central Desert is a health care facility that offers services and programs for the treatment of behavioral health illness for older adults.

6. Upon information and belief, Central Desert is owned and operated by Fundamental Clinical and Operational Services, LLC ("Fundamental").

7. Fundamental is a foreign limited liability company, authorized and registered to do business in New Mexico.

8. Fundamental's Registered Agent for service of process is National Corporate Research, located at 1012 Marquez Place, Suite 106B, Santa Fe, New Mexico 87505.

9. At all material times, Central Desert and Fundamental (collectively the "Corporate Defendants") provided health care services to men and women.

10. Upon information and belief, at times material to this Complaint, Does 1-10 were the respective employees, agents, apparent agents and/or contractors of one or more of the Corporate Defendants acting within the course and scope of his or her employment, agency, apparent agency and/or contract with one or more of the Corporate Defendants ("Does 1-10").

11. At times material to this Complaint, all acts and omissions by the Corporate Defendants and Does 1-10 were done within the course and scope of their employment, agency, apparent agency and/or contract.

12. On October 21, 2015, the New Mexico Medical Review Commission confirmed that Central Desert is not a qualified healthcare provider under the Medical Malpractice Act. *See* NMSA 1978, Section 41-5-1, *et al.*

13. On October 21, 2015, the New Mexico Medical Review Commission confirmed that Fundamental is not a qualified healthcare provider under the Medical Malpractice Act. *See* NMSA 1978, Section 41-5-1, *et al.*

## STATEMENT OF FACTS

14. Ms. Gallegos incorporates the foregoing allegations as though they were fully set forth herein. *See* Rule 1-010C NMRA.

15. Ms. Gallegos is 74 years of age with a long history of senile dementia.

16. On August 5, 2014, Central Desert admitted Ms. Gallegos to provide continued care for symptoms associated with a prior diagnosis of Alzheimer's disease, dementia, and psychotic disorder with delusions.

17. Ms. Gallegos's medical records from Central Desert indicate that she was a fall risk due to a history of falls, an elevated fall risk score, use of ambulatory devices, and an altered mental status.

18. Medical records note that Ms. Gallegos started to show increased signs of agitation, paranoia, and disruption in her medical condition while at Central Desert.

19. Despite these shifts in Ms. Gallegos's behavior, Does 1-10 did nothing to alter her treatment or care.

20. On August 12, 2014, Central Desert met with Ms. Gallegos's daughter.

21. Central Desert's medical records indicate Ms. Gallegos's medical treatment plan needed to change by giving Ms. Gallegos full skilled nursing care, however, Central Desert never implemented this new treatment plan.

22. Over the next two days, medical records from Central Desert show Ms. Gallegos was increasingly depressed, guarded, confused, disorganized, and paranoid.

23. On August 14, 2014, Ms. Gallegos sustained a serious fall and injured her left elbow.

24. Ms. Gallegos's fall was not documented in the Psychiatric Medical Hospital ("PMH") notes, nor were her substantial changes in behavior.

25. On August 15, 2014, Ms. Gallegos's x-ray results show she suffered significant injuries to her left elbow, including soft tissue swelling and effusion.

26. On August 16, 2014, Ms. Gallegos sustained a second serious fall further injuring her left arm and shoulder.

27. Central Desert's medical records show Ms. Gallegos was unsteady on her feet and had already fallen.

28. On August 17, 2014, Ms. Gallegos was sent to the Emergency Department, where it was determined she had suffered a fractured elbow.

29. On August 18, 2014, Ms. Gallegos sustained her third serious fall, this time severely bruising her left hip and causing a subarachnoid hemorrhage in her brain.

30. Central Desert discussed possible causes of the hemorrhage with Ms. Gallegos's daughter, attributing the injury to the falls Ms. Gallegos sustained prior to arriving at Central Desert.

31. Central Desert alleges the cause of Ms. Gallegos's hemorrhage is the result of falls prior to arriving at Central Desert and not the result of her three serious falls on August 14th, 16th, and 18th.

32. On August 19, 2014, Central Desert discharged Ms. Gallegos and directed her to seek medical treatment and care from a facility located across the street.

33. Central Desert did not discuss any treatment plan with Ms. Gallegos, her daughter, or her son in order to manage her rapidly declining medical condition.

4

## COUNT I – MEDICAL NEGLIGENCE
## (DOES 1-10)

34. Ms. Gallegos incorporates the foregoing allegations as though they were fully set forth herein. *See* Rule 1-010C NMRA.

35. In caring for Ms. Gallegos, Does 1-10 had a duty to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified healthcare providers practicing under similar circumstances, giving due consideration to the locality involved.

36. Does 1-10 failed to possess or apply the knowledge, skill or care ordinarily used by reasonably well-qualified healthcare providers practicing under similar circumstances, giving due consideration to the locality involved.

37. The conduct of Does 1-10 deviated from applicable standards in the following ways, but not by way of limitation:

    a. Failing to provide Ms. Gallegos with the standard of medical care due to a patient;

    b. Negligently acting outside the scope of expertise and medical specialty without proper training or certification;

    c. Failing to properly acknowledge that Ms. Gallegos was at risk of harm and wandering;

    d. Failing to apply standard accepted medical techniques with regard to caring and treating patients at risk of harm and wandering;

    e. Failing to properly acknowledge, treat and address Ms. Gallegos's medical condition;

    f. Failing to communicate alternatives to treatment; and

g.  Failing to inform Ms. Gallegos that she was in need of a doctor or other healthcare provider in order for her to receive proper treatment.

38. Does 1-10 acted willfully, maliciously, wantonly, and in reckless disregard for the safety and well-being of Ms. Gallegos.

39. As a proximate result of the acts or omissions of Does 1-10 and their willful, malicious, wanton and reckless misconduct, Ms. Gallegos:

a.  Suffered from decreased mental activity;

b.  Suffered a fracture of the left elbow;

c.  Suffered a large bruise on her left hip;

d.  Suffered a subarachnoid hemorrhage in her brain;

e.  Suffered severe bodily injuries;

f.  Required medical care and associated costs, such as x-rays and visits to the emergency room, which otherwise would not have been necessary but for the negligence of Does 1-10;

g.  Incurred pain and suffering associated with these injuries and the pain and suffering associated with the indignity of not being adequately cared for by Does 1-10 as healthcare providers; and

h.  Incurred additional costs and expenses related to the care of Ms. Gallegos's permanent physical injuries.

## COUNT II – HOSPITAL NEGLIGENCE
### (THE CORPORATE DEFENDANTS)

40. Ms. Gallegos incorporates the foregoing allegations as though they were fully set forth herein. *See* Rule 1-010C NMRA.

6

41. In caring for Ms. Gallegos, the Corporate Defendants had a duty to use ordinary care to avoid or prevent what a reasonably prudent hospital would foresee as an unreasonable risk of injury to another.

42. In caring for Ms. Gallegos, the Corporate Defendants had a duty to possess and apply the knowledge and to use the skill and care ordinarily used in reasonably well-operated hospitals under similar circumstances, giving due consideration to the locality involved.

43. The Corporate Defendants failed to possess or apply the knowledge, skill or care ordinarily used by reasonably well-operated hospital operating under the same or similar circumstances, giving due consideration to the locality involved.

44. The conduct of the Corporate Defendants deviated from applicable standards in the following ways, but not by way of limitation:

   a. Failing to provide Ms. Gallegos with the standard of medical care due to a patient;

   b. Negligently acting outside the scope of expertise and medical specialty without proper training or certification;

   c. Failing to properly acknowledge that Ms. Gallegos was at risk of harm and wandering;

   d. Failing to apply standard accepted medical techniques with regard to caring and treating patients at risk of harm and wandering;

   e. Failing to properly acknowledge, treat and address Ms. Gallegos's medical condition;

   f. Failing to communicate alternatives to treatment;

g.  Failing to inform Ms. Gallegos that she was in need of a doctor or other healthcare provider in order for her to receive proper treatment;

h.  Failing to provide adequate staff, adequately paid staff, and adequately trained staff to care for residents such as Ms. Gallegos, with the full knowledge that such inadequate staffing practices would place patients such as Ms. Gallegos at risk for injuries;

i.  Negligently hiring, retaining and supervising staff with the full knowledge that such negligent staffing practices would place patients such as Ms. Gallegos at risk for injuries;

j.  Failing to provide and implement proper care plans that would adequately meet Ms. Gallegos's needs, including her risk for falling;

k.  Allowing Ms. Gallegos to remain unattended, unmonitored, and uncared for despite her known medical condition;

l.  Failing to provide a safe environment;

m.  Failing to ensure that Ms. Gallegos received adequate supervision and care;

n.  Failing to have adequate and effective policies, procedures, staff and equipment to adequately supervise and care for Ms. Gallegos;

o.  Failing to provide services and activities to attain or maintain the highest practicable physical, mental and psycho-social wellbeing of Ms. Gallegos in accordance with a written plan of care;

p.  Failing to adequately monitor Ms. Gallegos; and

q.  Failing to prevent harm to Ms. Gallegos from unsafe and hazardous conditions.

8

45. The Corporate Defendants acted willfully, maliciously, wantonly and in reckless disregard for the safety and well-being of Ms. Gallegos.

46. As a proximate result of the acts or omissions of the Corporate Defendants and their willful, malicious, wanton and reckless misconduct, Ms. Gallegos sustained damages.

## COUNT III – GENERAL NEGLIGENCE
## (ALL DEFENDANTS)

47. Ms. Gallegos incorporates the foregoing allegations as though they were fully set forth herein. *See* Rule 1-010C NMRA.

48. Defendants were administrators and were responsible for evaluating and providing care to Ms. Gallegos.

49. At all material times, the Defendants owed a duty of care to Ms. Gallegos to act as a reasonable and prudent administrator in evaluating and providing care to Ms. Gallegos.

50. Defendants breached this duty and, therefore, were negligent.

51. Defendants were negligent in the following ways, but not by way of limitation:

    a. Failing to provide adequate services and care;

    b. Failing to properly administer or direct staff to provide adequate services and care;

    c. Failing to establish adequate care planning and/or failing to ensure such care planning was followed;

    d. Failing to ensure adequate supervision of Ms. Gallegos;

    e. Failing to adequately staff and/or supervise the staff of the Corporate Defendants; and

    f. Failing to have adequate policies and procedures in place and/or failing to follow such policies and procedures.

52. Defendants acted willfully, maliciously, wantonly and in reckless disregard for the safety and well-being of Ms. Gallegos.

53. As a proximate result of the acts or omissions of Defendants and their willful, malicious, wanton and reckless misconduct, Ms. Gallegos sustained damages.

## COUNT IV – VICARIOUS LIABILITY
## (THE CORPORATE DEFENDANTS)

54. Ms. Gallegos incorporates the foregoing allegations as though they were fully set forth herein. *See* Rule 1-010C NMRA.

55. At all material times, Does 1-10 were employees, agents, apparent agents, and/or contractors of one or more of the Corporate Defendants and were responsible for providing medical care and treatment to Ms. Gallegos.

56. At all material times, Does 1-10 were acting within the course and scope of their employment in providing medical care and treatment to Ms. Gallegos.

57. The Corporate Defendants were the direct and immediate supervisors of Does 1-10.

58. The Corporate Defendants retained the right to control the manner in which Does 1-10 cared for Ms. Gallegos.

59. Ms. Gallegos sustained injuries and damages while she was in the care of Does 1-10.

60. Accordingly, the Corporate Defendants are liable for the injuries and damages Ms. Gallegos sustained while under their care and the care of Does 1-10.

## COUNT V – BREACH OF ACTUAL AND IMPLIED CONTRACT
## (ALL DEFENDANTS)

61. Ms. Gallegos incorporates the foregoing allegations as though they were fully set forth herein. *See* Rule 1-010C NMRA.

62. Ms. Gallegos contracted with Defendants for health care services. At the time of Ms. Gallegos's admission, Defendants were given actual notice of Ms. Gallegos's physical and mental condition and infirmities associated therewith, and promised appropriate healthcare.

63. Defendants had an actual contract and implied contract with Ms. Gallegos that required Defendants to provide appropriate healthcare to Ms. Gallegos and reasonably protect her from injury and neglect.

64. As a direct and proximate result of the acts and omissions set forth herein, Defendants breached their contract with Ms. Gallegos.

65. In breaching the contract, Defendants acted willfully, maliciously, wantonly, and in reckless disregard for the safety and well-being of Ms. Gallegos.

66. As a direct and proximate result of this contractual breach by Defendants, Ms. Gallegos suffered injuries and damages.

67. In addition, Ms. Gallegos, or others on her behalf, made payments to Defendants for services that were promised, but not delivered, not the least of which was the promise for competent medical care, and a professional standard of care.

## COUNT VI – CIRCUMSTANTIAL EVIDENCE OF
## MEDICAL NEGLIGENCE AND GENERAL NEGLIGENCE
## (ALL DEFENDANTS)

68. Ms. Gallegos incorporates the foregoing allegations as though they were fully set forth herein. *See* Rule 1-010C NMRA.

69. Defendants had a duty to properly manage and control the medical care and treatment provided to Ms. Gallegos.

70. Defendants proximately caused Ms. Gallegos's injuries and damages, which was their responsibility to manage and control.

71. Ms. Gallegos's injuries and damages are of the kind that would not ordinarily occur in the absence of negligence on the part of Defendants.

72. Accordingly, the doctrine of *res ipsa loquitur* is available as a proper theory of negligence, causation, and damages and is properly pled herein.

## DAMAGES

73. Ms. Gallegos incorporates the foregoing allegations as though they were fully set forth herein. *See* Rule 1-010C NMRA.

74. As a direct and proximate result of the negligent actions of Defendants enumerated above, Ms. Gallegos seeks the following damages:

   a. Loss of household services and other pecuniary losses;

   b. Physical and emotional pain and suffering and other debilitating pain including temporary and permanent disfigurement and injuries;

   c. Past and future medical expenses;

   d. Loss of enjoyment of life;

   e. Pre-judgment and post-judgment interest;

   f. Costs of bringing suit;

   g. Punitive damages; and

   h. For such other and further relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Gallegos herein requests judgment against Defendants for her damages and such other relief as permitted by law against Defendants.

                        GUEBERT BRUCKNER P.C.

                        By   */s/ Jason A. Vigil*
                              Christopher J. DeLara
                              Jason A. Vigil
                              Devon P. Moody
                              P.O. Box 93880
                              Albuquerque, NM 87199
                              (505) 823-2300
                              *Attorneys for Plaintiff*

F:\Clients\7500.001cf\Pleadings\Complaint.2015.10.22..docx/jty