STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

IRENE GALLEGOS,

      Plaintiff,

v.                                        No. D-101-CV-2015-02316

CENTRAL DESERT BEHAVIORAL HEALTH HOSPITAL,
FUNDAMENTAL CLINIC AND OPERATIONAL SERVICES, LLC,
And DOES 1-10,

      Defendants.

## ANSWER

COME NOW, Defendants Central Desert Behavioral Health Center (incorrectly identified and named in the Complaint), and Fundamental Clinical and Operational Services, LLC ("FCOS") (the defendants are hereafter collectively referred to as "Defendants"), by and through their attorneys of record, Conklin, Woodcock & Ziegler, P.C. (Robert C. Conklin), and for their Answer to the Complaint state, as follows:

### Response to Allegations Regarding Parties and Jurisdiction

1.      The allegations of Paragraph 1 require a legal conclusion to which no response is required.  To the extent a response may be required, Defendants are without sufficient information to admit or deny the allegations and, therefore, deny same.

2.      Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 2, and therefore deny same.

3.      In response to the allegations of Paragraph 3, Defendants admit that several of the allegations concern incidents or alleged incidents at Central Desert Behavioral Health Center

1

EXHIBIT A-3

("CDBHC") which is located at 239 Elm Street NE, Albuquerque, NM.   Defendants deny the remaining allegations of Paragraph 3.

4.       Defendants admit that CDBHC is located in Bernalillo County, New Mexico. Defendants affirmatively state that CDBHC is a place of business or business name, and it is not a separate, independent or corporate entity, and that it is improperly named.   Defendants deny the remaining allegations of Paragraph 4.

5.       Defendants admit that CDBHC is a facility where services and programs for behavioral health treatment are provided.   Defendants affirmatively state that the proper name is CDBHC, and affirmatively state that CDBHC is improperly named and joined in this action.

6.       Defendants deny the allegations of Paragraph 6.

7.       In response to the allegations of Paragraph 7, Defendants admit that FCOS is a Delaware limited liability company, and that it is registered to do business in New Mexico, but that it is a citizen of the States of Delaware and Maryland.

8.       Defendants admit the allegations of Paragraph 8.

9.       Defendants deny the allegations of Paragraph 9.

10.      Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 10, and therefore deny same.

11.      The allegations of Paragraph 11 require a legal conclusion to which no response is required.   To the extent that a response may be required, Defendants are without sufficient information to admit or deny the allegations and, therefore, deny same.

12.      Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 12, and therefore deny same.

13.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 13, and therefore deny same.

### Response To Factual Allegations

14.     Defendants incorporate their responses to Paragraphs 1 through 13 in response to Paragraph 14.

15.     In response to the allegations of Paragraph 15, Defendants admit that Plaintiff is now 74 years old, and admit that, when admitted to CDBHC, one of her admitting diagnoses was dementia.   Defendants are without sufficient information to admit or deny the remaining allegations and, therefore, deny same.

16.     In response to the allegations of Paragraph 16, Defendants admit that Plaintiff was admitted on August 5, 2014 with these, as well as other, admitting diagnoses.  Defendants are without sufficient information to admit or deny the remaining allegations without more particularized allegations concerning what is meant or intended by "continued care for symptoms associated with" the alleged diagnoses and, therefore, deny same.

17.     In response to the allegations of Paragraph 17, Defendants state that Plaintiff's medical records speak for themselves and are the best evidence of what they indicate, therefore, no response is required.  Defendants deny all allegations that are contrary to what is stated in the records.

18.     In response to the allegations of Paragraph 18, Defendants state that Plaintiff's medical records speak for themselves and are the best evidence of what they indicate, therefore, no response is required.  Defendants deny all allegations that are contrary to what is stated in the records.

19.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 19, and therefore deny same.

20.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 20, and therefore deny same.

21.    In response to the allegations of Paragraph 21, Defendants state that Plaintiff's medical records speak for themselves and are the best evidence of what they indicate, therefore, no response is required.  Defendants deny all allegations that are contrary to what is stated in the records, and deny the remaining allegations.

22.    In response to the allegations of Paragraph 22, Defendants state that Plaintiff's medical records speak for themselves and are the best evidence of what they indicate, therefore, no response is required.  Defendants deny all allegations that are contrary to what is stated in the records.

23.    Defendants admit that on August 14, 2014, Plaintiff reportedly fell, but deny the remaining allegations of Paragraph 23.

24.    The notes speak for themselves and are the best evidence of what is or is not documented therein, therefore, no response to Paragraph 24 is required.  Defendants deny all allegations that are contrary to what is stated in the notes.

25.    The x-rays speak for themselves and are the best evidence of what they show, therefore, no response to Paragraph 25 is required.  Defendants deny all allegations that are contrary to what is shown by the x-rays.

26.    In response to the allegations of Paragraph 26, Defendants admit that Plaintiff reportedly fell on August 16, 2014.  Defendants deny the remaining allegations.

27.     Plaintiff's medical records speak for themselves and are the best evidence of what they show, therefore, no response to Paragraph 27 is required.  Defendants deny all allegations that are contrary to what is shown by the records.

28.     In response to the allegations of Paragraph 28, Defendants state that the emergency department records speak for themselves and are the best evidence of what was determined, therefore, no response is required.  Defendants deny all allegations that are contrary to the emergency department records.

29.     In response to the allegations of Paragraph 29, Defendants admit that Plaintiff was found lying in the doorway of her room on August 18, 2014.  Defendants deny the remaining allegations.

30.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 30, and therefore deny same.

31.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 31, and therefore deny same.

32.     In response to the allegations of Paragraph 32, Defendants admit that Plaintiff was discharged on August 19, 2014 to another facility.  The remaining allegations are denied.

33.     Defendants deny the allegations of Paragraph 33.

## Response To Count I

34.     Defendants incorporate their responses to Paragraphs 1 through 33 in response to Paragraph 34.

35.     The allegations of Paragraph 35 do not pertain to these Defendants, therefore, no response is required.  To the extent the allegations pertain to these Defendants, they are without sufficient information to admit or deny the allegations and, therefore, deny same.

36.     The allegations of Paragraph 36 do not pertain to these Defendants, therefore, no response is required.  To the extent the allegations pertain to these Defendants, they are denied.

37.     The allegations of Paragraph 37 do not pertain to these Defendants, therefore, no response is required.  To the extent the allegations pertain to these Defendants, they are denied.

38.     The allegations of Paragraph 38 do not pertain to these Defendants, therefore, no response is required.  To the extent the allegations pertain to these Defendants, they are denied.

39.     The allegations of Paragraph 39 do not pertain to these Defendants, therefore, no response is required.  To the extent the allegations pertain to these Defendants, they are denied.

**Response To Count II**

40.     Defendants incorporate their responses to Paragraphs 1 through 39 in response to Paragraph 40.

41.     In response to the allegations of Paragraph 41, Defendants deny that CDBHC is a corporation or a "corporate defendant," and state that the allegations require a legal conclusion to which no response is required.

42.     In response to the allegations of Paragraph 42, Defendants deny that CDBHC is a corporation or a "corporate defendant," and state that the allegations require a legal conclusion to which no response is required.

43.     Defendants deny the allegations of Paragraph 43.

44.     Defendants deny the allegations of Paragraph 44.

45.     Defendants deny the allegations of Paragraph 45.

46.     Defendants deny the allegations of Paragraph 46.

**Response to Count III**

47.     Defendants incorporate their responses to Paragraphs 1 through 46 in response to Paragraph 47.

48.     The allegations of Paragraph 48 are denied.

49.     The allegations of Paragraph 49 are vague, ambiguous and incapable of a response, and require a legal conclusion to which no response is required. To the extent Paragraph 49 alleges that all defendants were "administrators" or owed the duty of an administrator, the allegations are denied.

50.     Defendants deny the allegations of Paragraph 50.

51.     Defendants deny the allegations of Paragraph 51.

52.     Defendants deny the allegations of Paragraph 52.

53.     Defendants deny the allegations of Paragraph 53.

**Response To Count IV**

54.     Defendants incorporate their responses to Paragraphs 1 through 53 in response to Paragraph 54.

55.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 55, and therefore deny same.

56.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 56, and therefore deny same.

57.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 57, and therefore deny same.

58.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 58, and therefore deny same.

59.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 59, and therefore deny same.

60.     Defendants deny the allegations of Paragraph 60.

### Response to Count V

61.     Defendants incorporate their responses to Paragraphs 1 through 60 in response to Paragraph 61.

62.     The allegations of Paragraph 62 require a legal conclusion to which no response is required.

63.     The allegations of Paragraph 63 require a legal conclusion to which no response is required.

64.     Defendants deny the allegations of Paragraph 64.

65.     Defendants deny the allegations of Paragraph 65.

66.     Defendants deny the allegations of Paragraph 66.

67.     Defendants deny the allegations of Paragraph 67.

### Response to Count VI

68.     Defendants incorporate their responses to Paragraphs 1 through 67 in response to Paragraph 68.

69.     The allegations of Paragraph 69 require a legal conclusion to which no response is required.

70.     Defendants deny the allegations of Paragraph 70.

71.     Defendants deny the allegations of Paragraph 71.

72.     Defendants deny the allegations of Paragraph 72.

**Response To Damages Allegations**

73.     Defendants incorporate their responses to Paragraphs 1 through 72 in response to Paragraph 73.

74.     Defendants deny the allegations of Paragraph 74.

**General Denial**

Defendants deny all allegations of all paragraphs of the Complaint which are not specifically admitted above, including the prayer for relief.

**SECOND DEFENSE**

The care and treatment provided by Defendants, in all respects, met the standard of care expected of reasonably well-qualified health care providers providing such services under similar circumstances, giving due consideration to the locality involved.

**THIRD DEFENSE**

Defendants did not proximately cause any of the claimed injuries or damages.

**FOURTH DEFENSE**

The injuries and damages alleged were caused by an independent intervening cause or were the result of separate and distinct harms.

**FIFTH DEFENSE**

The injuries and damages alleged were the result of unavoidable or other contributing causes, consequences or complications.

**SIXTH DEFENSE**

As to one or more claims, Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants, and therefore, should be dismissed with prejudice.

## SEVENTH DEFENSE

Depending on discovery, the damages sought, if any, may be barred, in whole or in part, by failure to mitigate damages.

## EIGHTH DEFENSE

If Defendants were negligent in any respect and if such negligence was the proximate cause of any injury or damage, all of which is denied, Plaintiff's claims are subject to the doctrine of pure comparative fault applicable under New Mexico law.

## NINTH DEFENSE

Plaintiff may have failed to name necessary parties to this lawsuit that are or should be known to Plaintiff.

## TENTH DEFENSE

If Plaintiff was injured and damaged as alleged, which is specifically denied, then her injuries and damages resulted from an underlying or pre-existing condition for which Defendants may not be held responsible.

## ELEVENTH DEFENSE

Any damages alleged by Plaintiff are attributable to the acts or omissions of other persons, parties, or entities, and are not attributable to any acts or omissions by Defendants.

## TWELFTH DEFENSE

Plaintiff's injuries and damages, if any, were the result of known complications of her medical care, to which full, voluntary, and informed consent was given.

## THIRTEENTH DEFENSE

Plaintiff's recovery, if any, must be offset by any benefits received, or any recoveries from any other source or by any settlement, compromise or discharge.

## FOURTEENTH DEFENSE

CDBHC and FCOS have been improperly named and/or joined in this action.

## FIFTEENTH DEFENSE

There is no basis in law or fact for an award of punitive damages, any award of punitive damages must be limited by or would be in violation of the United States and New Mexico Constitutions, and must be proved by clear and convincing evidence. Defendants did not participate in or ratify any conduct that would justify or support an award of punitive damages.

## SIXTEENTH DEFENSE

The responses and affirmative defenses set forth herein are preliminary, without the benefit of all of the facts underlying or pertaining to Plaintiff's claims, or discovery regarding such claims. Defendants reserve the right to amend and assert additional affirmative defenses as discovery progresses.

WHEREFORE, Defendants, having fully answered Plaintiff's Complaint, pray that the Complaint and all claims therein be dismissed with prejudice, for costs of suit, and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

CONKLIN, WOODCOCK, & ZIEGLER, P.C.


By: */s/ Robert C. Conklin*
      Robert C. Conklin
      320 Gold SW, Suite 800
      Albuquerque, NM 87102
      Tel. (505) 224-9160
      Fax (505) 224-9161
      rcc@conklinfirm.com
      *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was e-filed and served electronically through the First Judicial District Court's Odyssey File & Serve Electronic System upon counsel of record on this 16th day of December 2015:

Christopher J. DeLara
David C. Odegard
Jason A. Vigil
Michael P. Jasso
GUEBERT BRUCKNER P.C.
P. O. Box 93880
Albuquerque, NM  87199-3880
Tel. (505) 83-2300
cdelara@guebertlaw.com
dodegard@guebertlaw.com
jvigil@guebertlaw.com
mjasso@guebertlaw.com
*Attorneys for Plaintiff*


/s/ Robert C. Conklin
Robert C. Conklin