IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IRENE GALLEGOS,

    Plaintiff,

v.                                   No.: 1:15-cv-01143 MV/KBM

CENTRAL DESERT BEHAVIORAL HEALTH HOSPITAL,
FUNDAMENTAL CLINIC AND OPERATIONAL SERVICES, LLC,
And DOES 1-10,

    Defendants.

# MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, Irene Gallegos, by and through her attorneys, Guebert Bruckner P.C. (Christopher J. DeLara, David C. Odegard and Elizabeth M. Piazza), and move for leave to file Plaintiff's First Amended Complaint.

1. Irene Gallegos filed her Complaint for Medical Negligence, Hospital Negligence, General Negligence, Breach of Actual and Implied Contract, Vicarious Liability and *Res Ipsa Loquitur* on October 22, 2015 in the Second Judicial District Court in the State of New Mexico.

2. The Complaint identified Central Desert Behavioral Health Hospital, Fundamental Clinical and Operational Services, LLC as Defendants.

3. The Complaint also named unidentified employees, agents, apparent agents and/or contractors of Central Desert Behavioral Health and/or Fundamental Clinical and Operational Services, LLC as Does 1-10.

4. The case was removed to U.S. District Court for the District of New Mexico on or about December 16, 2015. *See* Notice of Removal, Doc. No. 1.

5. The Notice of Removal identified Behavioral Health Services of New Mexico, LLC d/b/a Central Desert Behavioral Health Center as the correct name for the entity previously identified in the Complaint as Central Desert Behavioral Health Hospital.

6. On or about February 8, 2016, the Joint Status Report and Provisional Discovery Plan was filed. *See* Doc. No. 12.

7. The Joint Status Report and Provisional Discovery Plan also identified some of the employees, agents, apparent agents and/or contractors of Central Desert Behavioral Health Center.

8. Plaintiff seeks to amend the Complaint to correctly identify Behavioral Health Services, LLC d/b/a Central Desert Behavioral Health Center, and correctly identify some of the Does 1-10.

9. Plaintiff also seeks to amend the Complaint to include claims for Violations of the Resident Abuse and Neglect Act, and for Negligence *Per Se*.

10. Defendants have been contacted and oppose this Motion to the extent it seeks to amend to identify Defendant Does as Dr. David Durham and Janet Stone. Defendants do not oppose the Motion to the extent that it was correctly identify Behavioral Health or add the additional claim under the New Mexico Resident Abuse Act.

11. A copy of the proposed Amended Complaint is attached hereto as **Exhibit A**.

**ARGUMENT**

Fed. R. Civ. P. Rule 15(a)(2) provides that a Plaintiff may amend their complaint by leave of the Court. "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Ind.*, 4665 F.3d 946, 951 (9th Cir. 2006). In absence of prejudice to the opposing party, leave to amend under

2

Rule 15(a) should be freely given. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.*

Plaintiff seeks leave of this Court to amend the Complaint in order to (1) identify some of the Doe Defendants as discovered following the Fed. R. Civ. P. 26(A) Initial Disclosures; (2) correctly identify Behavioral Health Services of New Mexico, LLC, d/b/a Central Desert Behavioral Health Center [*see* Doc. No. 1]; (3) add a claim for Violations of the Resident Abuse and Neglect Act, NMSA 1978, § 30-47-3 *et seq.*; and (4) add a claim for Negligence *Per Se*. At the time Plaintiff filed the Complaint, Plaintiff was aware that there were individuals who provided direct care to Plaintiff that were negligent in their actions and/or omissions of the standard of care that they provided to Plaintiff, including but not limited to Plaintiff's admission, assessment, treatment plan, care and treatment progress. However, at the time the Complaint was filed, Plaintiff was unable to identify those individuals by name, and as a result, identified them as Doe Defendants. Following receipt of the Initial Disclosures, Plaintiff was able to obtain this information, and as such, properly identify them in the Amended Complaint.

Consequently, Plaintiff intends to show that Plaintiff's injuries and damages were a foreseeable consequence of the actions and/or omissions of Defendants, including the named Doe Defendants, while in Defendants' care. Because discovery in this matter is in its initial stages, amending the Complaint does not prejudice the opposing parties, nor does it produce an undue delay in litigation.

WHEREFORE, Plaintiff prays that this Motion be granted and for such other relief as the Court may deem just and proper.

                        GUEBERT BRUCKNER P.C.

                        By   */s/ Elizabeth M. Piazza*
                            Christopher J. DeLara
                            David C. Odegard
                            Elizabeth M. Piazza
                            P.O. Box 93880
                            Albuquerque, NM 87199-3880
                            (505) 823-2300
                            cdelara@guebertlaw.com
                            dodegard@guebertlaw.com
                            epiazza@guebertlaw.com
                            *Attorneys for Plaintiff*

This is to certify that on this 15th day of March, 2016, the foregoing Motion for Leave to File First Amended Complaint was filed electronically through the CM/ECF system, which caused the following to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Robert C. Conklin
Traci N. Olivas
Conklin, Woodcock & Ziegler, P.C.
320 Gold SW, Suite 800
Albuquerque, NM 87102
(505) 224-9160
rcc@conklinfirm.com
tno@conklinfirm.com
*Attorney for Defendants*

*/s/ Elizabeth M. Piazza*
Christopher J. DeLara
David C. Odegard
Elizabeth M. Piazza
*Attorneys for Plaintiff*

F:\Clients\7500.001cf\Pleadings\Federal\Motion for Leave to Amend Complaint 2016.02.09 (002).docx/jty