IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IRENE GALLEGOS,

    Plaintiff,

v.                                    No.: 1:15-cv-01143-MV/KBM

CENTRAL DESERT BEHAVIORAL HEALTH HOSPITAL,
FUNDAMENTAL CLINIC AND OPERATIONAL SERVICES, LLC,
And DOES 1-10,

    Defendants.

## DEFENDANTS' MOTION TO COMPEL

Pursuant to Fed. R. Civ. P. 26(b), 33, 34, 37(a), and D.N.M.LR-Civ. 26.6 and 37.1, Defendants, by and through their attorneys of record, Conklin, Woodcock & Ziegler, P.C. (Robert C. Conklin and Traci N. Olivas) move to compel Plaintiff to respond to Central Desert's First Set of Interrogatories and Requests For Production as more fully set forth below. Copies of the discovery responses in dispute are attached as <u>Exhibit A</u>. Defendants assert the following grounds in support of its Motion to Compel:

    1.    <u>Interrogatory No. 6</u>: Interrogatory No. 6 seeks information regarding Plaintiff's recovery from the injuries identified in Interrogatory No. 5 or whether Plaintiff will claim that any of the injuries identified in Interrogatory No. 5 are permanent. Plaintiff has not specified whether Plaintiff will claim any injuries as permanent.

    Plaintiff should supplement its Answer to clarify whether she will claim that any of her injuries are permanent. Plaintiff did not raise any objections to Interrogatory No. 6. The

information concerning Plaintiff's injuries and whether they may or may not be permanent is necessary to determine which depositions should be taken, particularly with respect to Plaintiff's medical providers, and the scope of Defendants' discovery.

    2.    <u>Interrogatory No. 12 and Request for Production ("RFP") No. 10</u>:  Interrogatory No. 12 seeks the identity of medical providers who have treated Plaintiff for injuries that Plaintiff alleges were caused by the Defendants; a description of the examination, evaluation, and treatment; identification of documents related to the requested information; and whether Medicare has made payments related to such examinations and treatment.  RFP No. 10 requests that Plaintiff sign and return the Authorization for Release of Medical Records and Authorization for Release of Mental Health Records provided by Defendants.

Plaintiff objected to the interrogatory on the bases of undue burden and expense, that it is unreasonably cumulative and that it is "intended to annoy, embarrass, oppress and place undue burden and expense upon Plaintiff…"  Plaintiff further objected on the basis that Defendants are "equally capable" of obtaining this information.  Plaintiff objected to RFP No. 10 on the basis that the Authorization for Release of Medical Records is "not reasonably restricted in scope or time; therefore, it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence."  Over objection, Plaintiff provided the Medical Records release, altering the date on the Authorization from January 1, 2006, to January 1, 2011.  Plaintiff also objected to the temporal scope of the Authorization for Release of Mental Health Records but has represented to Defendants that Plaintiff will provide the requested Mental Health Release for five years prior to the incidents as alleged in the Complaint to the present.

Plaintiff has improperly limited the requested information to a three-year period before the alleged incidents giving rise to the Complaint and five years prior to present date, despite

Defendant providing authorizations for medical and mental health records from January 1, 2006, to the present. Defendants are entitled to a ten-year history as requested. While Defendants seek information regarding Plaintiff's treatment for injuries she believes were caused by Defendants, her ten-year medical and mental health history is relevant in determining whether the injuries of which Plaintiff currently complains stem from prior events or conditions in her medical history. Plaintiff's history of mental health is also relevant to her tenure as a patient at Central Desert and, potentially, to her falls and related injuries and treatment. Plaintiff should be compelled to provide the requested information and to execute both authorizations without restricting the date to any year after 2006.

Interrogatory No. 13: Interrogatory No. 13 seeks information regarding physicians who have examined, evaluated, or treated Plaintiff for any physical, mental, psychological or emotional condition or substance use or abuse from January 1, 2006, as well as whether Medicare has made any payments related to any condition or illness.[1] Plaintiff objected to the temporal scope of the Authorization for Release of Mental Health Records but has represented to Defendants that Plaintiff will provide the requested Mental Health Release for five years prior to the incidents as alleged in the Complaint to the present.

Plaintiff should be compelled to execute a mental health release from January 1, 2006, to the present for the reasons set forth in Defendants' argument regarding Interrogatory No. 12 and RFP No. 10, above. In addition, Plaintiffs should be required to provide information regarding any monies or benefits received by Plaintiff from Medicare for any injuries that Plaintiff

---

[1] In Plaintiff's response to Defendant's Rule 37 letter, Plaintiff indicated that she reasserts her objections regarding monies or benefits received by Plaintiff from Medicare but would supplement Interrogatory No. 12 with an itemization of any and all payments made by Medicare or Medicaid. Plaintiff did not make this same representation in response to Interrogatory No. 13; however, to the extent that Plaintiff intends to supplement Interrogatory No. 13 with the same itemization, Defendants are not asking the Court to compel Plaintiff to produce information regarding Medicare/Medicare monies or benefits provided to Plaintiff.

contends were caused by Defendants. This information affects how a claim will be paid (if it is determined that a claim should be paid); thus, Defendants are entitled to provide its insurer with this information, including, but not limited to, any lien information.

3. <u>Interrogatory No. 15 and RFP No. 7</u>: Interrogatory No. 15 seeks an itemization of any and all payments made by Medicare or Medicaid since August 1, 2014, and RFP No. 7 seeks the documents relating to Medicare or Medicaid payments for the same time period. Plaintiff objected to both discovery requests on the bases of undue burden and expense, that they are unreasonably cumulative and are "intended to annoy, embarrass, oppress and place undue burden and expense upon the Defendant[sic]…"

Defendants are entitled to this information, as it affects how a claim will be paid (if it is determined that a claim should be paid). Defendants are entitled to provide its insurer with this information, including, but not limited to, any lien information. Consequently, Plaintiff should be compelled to produce this information.

4. <u>RFP No. 5</u>: This Request seeks documents reflecting any examinations, evaluations, and treatments that Plaintiff has received for any medical, mental, psychological or emotional condition from January 1, 2006, through the present. Plaintiff referred Defendants to the Medical Records Authorization, which Plaintiff altered to limit the date of requested records to five years preceding the filing of her lawsuit, over objections on the bases that: "the request for Plaintiff's life history…is not reasonably limited in time or scope;" relevancy; not reasonably calculated to lead to the discovery of admissible evidence; the burden and expense of identifying and providing the information outweighs its likely benefit; and the information is obtainable from another more convenient, less burdensome, less expensive source.

Defendants are not seeking Plaintiff's "life history" of medical care and treatment. Defendants have narrowed the scope of the request to information within a reasonable time period that will allow Defendants to ascertain whether Plaintiff's alleged injuries can be attributed to her medical history. Consequently, this information is highly relevant to the defense of Plaintiff's claims. Plaintiff should be compelled to provide the documents requested in Request No. 5 and execute the Medical Records Authorization without restricting the date to any year after 2006.

In addition, and as set forth above, because Plaintiff has implicated her mental health by seeking damages for emotional distress, Plaintiff should be compelled to execute the Mental Health Authorization for the time period of January 1, 2006, to the present.

Moreover, should Plaintiff be compelled to execute the Authorizations as provided by Defendants, Plaintiff's objections that the information is obtainable from another more convenient, less burdensome, less expensive source will be rendered moot, as Defendants can obtain the requested documents directly.

5. Counsel for Defendants sent Plaintiff's counsel a Rule 37 letter on April 6, 2016, regarding these discovery disputes and invited Plaintiff to respond by April 11, 2016. A copy of Defendants' letter is attached hereto as <u>Exhibit B</u>. Plaintiff's counsel responded to the Rule 37 letter on April 14, 2014, and the parties were able to resolve a number of the discovery disputes. A copy of Plaintiff's response letter is attached hereto as <u>Exhibit C</u>. Defendants made a good-faith attempt to confer to resolve these discovery disputes.

6. On April 14, 2016, counsel for Defendants sought Plaintiff's counsel's position on the instant Motion, and the Motion is opposed.

WHEREFORE Defendants request that the Court enter an order compelling Plaintiff to respond fully to the discovery requests in dispute, award Defendants their reasonable attorney's fees and costs incurred in obtaining relief, and providing such other and further relief as the Court deems just and proper.

Respectfully Submitted,

CONKLIN, WOODCOCK, & ZIEGLER, P.C.

By: */s/ Robert C. Conklin*
   Robert C. Conklin
   Traci N. Olivas
   320 Gold SW, Suite 800
   Albuquerque, NM   87102
   Tel. (505) 224-9160
   Fax (505) 224-9161
   rcc@conklinfirm.com
   tno@conklinfirm.com
   *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 27, 2016, a true and correct copy of the above and foregoing was electronically filed with the clerk of the court by using the CM/ECF system which caused the following Parties or Counsel to be served by electronic means:

Christopher J. DeLara
David C. Odegard
Elizabeth M. Piazza
GUEBERT BRUCKNER P.C.
P. O. Box 93880
Albuquerque, NM  87199-3880
Tel. (505) 823-2300
cdelara@guebertlaw.com
dodegard@guebertlaw.com
epiazza@guebertlaw.com
*Attorneys for Plaintiff*


*/s/ Robert C. Conklin*
Robert C. Conklin