IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IRENE GALLEGOS,

    Plaintiff,

v.                                         CIV 15-1143 MV/KBM

CENTRAL DESERT BEHAVIORAL HEALTH
HOSPITAL, FUNDAMENTAL CLINIC AND
OPERATIONAL SERVICES, LLC,
And DOES 1-10,

    Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Plaintiff's Motion for Leave to File First Amended Complaint ("Motion to Amend"), filed on March 15, 2016. *Doc. 20.* The Honorable Martha Vazquez referred this matter to me on March 28, 2016, to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. *Doc. 23.* Having considered the parties' submissions, the relevant law, and the record in this case, the Court recommends that Plaintiff's Motion to Amend be granted and that, because the addition of certain non-diverse defendants destroys diversity jurisdiction, the matter be remanded *sua sponte* to the First Judicial District Court for lack of subject matter jurisdiction.

**I.        Background**

Plaintiff filed her Complaint for Medical Negligence, Hospital Negligence, General Negligence, Breach of Actual and Implied Contract, Vicarious Liability and *Res Ipsa Loquitur* on October 22, 2016, in state district court. *Doc. 1*, Ex. 1. In that Complaint, Plaintiff named as defendants Central Desert Behavioral Health Hospital ("Central Desert"), Fundamental Clinical and Operational Services, LLC ("Fundamental"), and "Does 1-10," who she identified as "respective employees, agents, apparent agents and/or contractors of one or more of the Corporate Defendants acting within the course and scope of his or her employment, agency, apparent agency and/or contract with one or more of the Corporate Defendants." *Id.* at ¶ 10. Though they were unnamed at the filing of her Complaint, Plaintiff asserted various claims against Does 1-10, including for medical negligence, general negligence, breach of actual and implied contract, and *res ipsa loquitur*. *See id.* at 5-12.  She also asserted claims against Central Desert and Fundamental based upon the theory of vicarious liability for injuries and damages allegedly caused by Does 1-10. *Id.* at 10. Defendants Central Desert and Fundamental removed the matter to this Court on December 16, 2016. *Doc. 1*. The Notice of Removal explained that Central Desert was not a proper defendant and that, rather, Behavioral Health Services of New Mexico, LLC d/b/a Central Desert Behavioral Center was the licensed operator of the hospital described in Plaintiff's Complaint. *Id.* at 3.

Plaintiff filed her Motion to Amend on March 15, 2016, which was the deadline provided in the Court's Scheduling Order for amending pleadings and joining additional parties. *Compare Doc. 20 with Doc. 16* at 2. She filed also filed her Motion to Amend

approximately three months after removal and just over a month after receiving Defendants' Initial Disclosures.

## II. Discussion

In her Motion to Amend, Plaintiff seeks to correctly name the Central Desert defendant, to identify certain of the Does 1-10 included in her initial Complaint, and to add claims for Violations of the Resident Abuse and Neglect Act and for Negligence Per Se. *Doc. 20* at 2. Defendants oppose the Motion to Amend but only to the extent that Plaintiff seeks to identify certain of the Does 1-10 and thereby add non-diverse defendants. *Doc. 22* at 1.

The Doe defendants that Plaintiff seeks to identify include Lawrence Story, David Durham, M.D., and Janet Stone. Defendants argue that Plaintiff should not be permitted to add these defendants for two reasons: (1) because they are not indispensable parties and (2) because the factors weigh in favor of denying joinder. *Doc. 22* at 1-6. Conversely, Plaintiff maintains that these defendants are indispensable parties and that the factors weigh against denying joinder. *Doc. 25* at 2-7.

The presence of Doe defendants at the commencement of an action "creates no impediment to removal." *McPhail v. Deere & Co.*, 529 F.3d 947 (2008); *see also* 28 U.S.C. § 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded."). As such, the diversity of citizenship between Plaintiff and Defendants Central Desert and Fundamental was sufficient to support the statutory diversity requirement at removal. Yet Plaintiff's request to identify certain non-diverse Doe defendants begs the question whether the Court should deny the request on the basis that amendment would destroy diversity jurisdiction. The Tenth Circuit has explained

3

that when a plaintiff seeks to replace Doe defendants with named, non-diverse defendants, the court may either deny joinder of those proposed defendants or permit their joinder and remand the action to state court. *See McPhail*, 529 F.3d at 951.

Typically, leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, a court may decline to grant leave to amend based upon "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Where, as here, the plaintiff seeks to add defendants whose joinder would destroy diversity jurisdiction, the Court must first determine whether those defendants are required and indispensable under Federal Rule of Civil Procedure 19. *See McPhail*, 529 F.3d at 951. If the Court finds that they are indispensable, they must be joined and the case remanded to state court or the action dismissed under Rule 19(b). *Id.* at 951-52. On the other hand, if the Court finds that the defendants are not indispensable, Rule 20(a)(2) permits their joinder at the court's discretion. *Id.*

Whether a party is indispensable is determined by consideration of the factors enumerated in Rule 19. *Salt Lake Tribute Pub. Co., LLC v. AT&T Corp.*, 320 F.3d 1081, 1096 (10th Cir. 2003). The Court must first determine whether the parties at issue are required parties under Rule 19(a). *See id.* If they are required parties, the Court then assesses whether they are indispensable under Rule 19(b). *See id.*

One basis on which a party may be required is if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A).

4

Alternatively, a party may be required if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). If neither of these bases renders the party required, he is also not indispensable, and the Court need not consider Rule 19(b). *Salt Lake Tribune*, 320 F.3d at 1098.

Plaintiff asserts that proposed defendants Durham and Stone are indispensable parties because the Court cannot grant her complete relief in their absence. *Doc. 25* at 5-8. Plaintiff explains that proposed defendant Durham was employed by Geriatric Associates, a separate entity from those previously named, and was "integral in providing care to Plaintiff, including but not limited to, developing a care plan, prescribing medications, and continued reassessment of Plaintiff's treatment plan." *Id*. at 5.  As to proposed defendant Stone, Plaintiff explains that she was a contract employee separate and distinct from the named parties. *Id*. at 6.  Plaintiff suggests that these individual's distinctness from and contractual relationship with the named corporate defendants, renders them required parties under Rule 19.  *See Doc 25* at 5-6. The Court is not convinced.

Rule 19(a)(1)(A) provides that the Court should consider whether complete relief may be accorded "among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Judges in this district have emphasized that the proper consideration is "whether, in the absence of the [proposed party], complete relief could be accorded *among the persons already*

5

*parties to the action.*" *See Trejo v. Safeway Ins. Grp.*, No. 14cv0913 GBW/SCY at *5 (D.N.M. Mar. 27, 2015) (quoting *Sac and Fox Nation of Mo. v. Norton*, 240 F.3d 1250, 1258 (10th Cir. 2001) (emphasis in *Trejo*); *see also Wheeler Peak, LLC v. L.C.I.2, Inc.*, 07cv1117 JB/WDS, 2009 WL 298287, at *6 (D.N.M. Aug. 15, 2009) (citing *Champagne v. City of Kansas City*, 157 F.R.D. 66 (D. Kan. 1994) for the proposition that courts do not consider relief "as between a present party and the absent party whose joinder is sought").

In other words, the proper inquiry here in assessing completeness of relief is whether denying joinder of the proposed defendants would result in incomplete relief between Plaintiff and Defendants Central Desert and Fundamental. That Plaintiff may be able to claim additional relief from Lawrence Story, David Durham, M.D., or Janet Stone does not render them required parties. In short, Plaintiff has failed to establish that the absence of these defendants somehow prevents her from obtaining relief from the already-named defendants to the extent they are liable. As such, the Court cannot say that it is unable to accord complete relief among the existing parties in the absence of the proposed individual defendants.

Plaintiff also submits that Defendant Story, the Chief Executive Officer ("CEO") of named party Central Desert, "has an interest in the controversy." *Doc. 25* at 6. By this, she presumably means to imply that Mr. Story "claims an interest relating to the subject of the action" under Fed. R. Civ. P. 19(a)(1)(B). This conclusory assertion, however, is unsupported by any case law or compelling rationale which would suggest that a CEO's interest in a suit against the business entity he serves somehow renders him a required party under Rule 19. Absent some demonstration that Defendant Story claims an

interest in this action or is a required party for some other reason, the Court is unwilling to find that he is a required party under Rule 19(a)(1)(B).

In sum, the Court cannot find that the Doe defendants identified by Plaintiff in her proposed amended complaint are required parties under either basis provided in Rule 19(a). As such, these defendants cannot be indispensable parties under Rule 19(b). *See Salt Lake Tribute*, 320 F.3d at 1098.

The Court's inquiry does not end there, however. Rather, the Court must also consider the propriety of joining these newly-identified Doe defendants under Rule 20, which permits joinder at the discretion of the Court, and 28 U.S.C. § 1447(e), which states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Thus, when joinder of certain parties is not mandated by Rule 19, a Court nevertheless retains discretion to permit their joinder, even if doing so destroys diversity jurisdiction.

Joinder of defendants is permitted by Rule 20 when there are questions of law or fact common to all defendants and the plaintiff asserts a right to relief against the defendants "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). Here, there appears to be no dispute that the Rule 20(a) requirements are satisfied and that the Court enjoys discretion to join the proposed defendants.

The Tenth Circuit has explained that in determining whether to allow addition of a party who would destroy diversity, the district court should consider "several factors, including whether the amendment will result in prejudice, whether the request was

7

unduly and inexplicably delayed, [and whether it] was offered in good faith." *McPhail*, 529 F.3d at 952. Additionally, the Fourth and Fifth Circuits have applied the following factors: (1) the extent to which the amendment is aimed at defeating federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities. *Mayes v. Rapaport*, 198 F.3d 457, 462 (4th Cir. 1999); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). The Fourth Circuit has also explained that while courts should protect, by careful scrutiny, the diverse defendant's interest in keeping the action in federal court, they must also be cognizant of the danger of parallel lawsuits in federal and state court. *Mayes*, 198 F.3d at 463.

      Defendants here contend that Plaintiff's request to add the Doe defendants was "unduly and inexplicably delayed." *Doc. 22* at 5. They argue that Plaintiff knew since the inception of her claim that she was treated and attended to by Dr. Durham and Ms. Stone. *Id.* Additionally, they suggest that Mr. Story's position as CEO was readily ascertainable at the outset of litigation. *Id.* But Plaintiff insists that at the time she filed her Complaint, she was unable to identify the Doe defendants that she now seeks to name. *Doc. 20* at 3. She explains that after she received Defendants' Initial Disclosures in early February 2016, she "spent more than one month determining the identity of the Doe individuals who provided direct and continuous care to [her]." *Doc. 25* at 4. Once again, her Motion to Amend was filed approximately a month after receiving Initial Disclosures. Although Plaintiff concedes that she received some medical records in advance of Defendants' Initial Disclosures, she insists that those records were

8

voluminous (i.e. more than 1,000 pages) and that she could not specifically name Does 1-10 without additional information. *Doc. 25* at 4. According to Plaintiff, her review of the Initial Disclosures assisted in determining the identity of the proposed defendants such that she could name them in good faith. *Id.* at 4.

     Under the circumstances, the Court is satisfied that Plaintiff's Motion to Amend, which was filed within the deadline for amendments provided in the Court's Scheduling Order, was not unduly or inexplicably delayed. Instead, it appears that Plaintiff had a good faith reason for the timing of her requested amendment, particularly as to the addition of Dr. Durham and Ms. Stone. Plaintiff clearly contemplated claims against individuals in the similar capacities when she asserted claims against Doe defendants in her original Complaint prior to removal. Then, it seems, she sought to identify these previously-contemplated defendants within a reasonable time after receiving pertinent information in the form of Initial Disclosures. Both Plaintiff's inclusion of Doe defendants in the initial Complaint and the timing of her Motion to Amend suggest to the Court that her proposed amendment was not principally aimed at defeating federal jurisdiction. Thus, these factors weigh in favor of granting Plaintiff's Motion to Amend and allowing joinder of the proposed defendants.

     Further, the Court finds that that Plaintiff may well suffer significant prejudice if the Court denies her timely request for amendment. Most notably, she may be forced to pursue parallel lawsuits in federal and state court even though there are common questions of law and fact and assertions that the proposed defendants share liability for the same series of transactions and occurrences as the named defendants. Although Defendants would, of course, lose diversity jurisdiction, they have not identified any

9

additional prejudice that they would suffer by the joining of the proposed defendants. The Court finds that the substantial prejudice to Plaintiff and the risk of parallel suits, as well as the concomitant judicial inefficiency, tip the balance in favor of granting Plaintiff's Motion to Amend.

As a matter of discretion under § 1447(e) and Rule 20, the Court finds that Plaintiff should be permitted to amend her Complaint to name Mr. Story, Dr. Durham, and Ms. Stone as defendants. Given this recommendation, the Court also recommends that the Court *sua sponte* remand this matter to state court for lack of diversity jurisdiction.

### III. Conclusion

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Amend be granted and that this matter be remanded to the First Judicial District Court..

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE